*554 MEMORANDUM *
Before us on remand from the en banc court is Jenkins’s claim that his trial counsel rendered ineffective assistance, “which is based on his allegation that trial counsel attacked Jenkins’s credibility at trial.” McDaniels v. Kirkland, 627 Fed.Appx. 672, 678 (9th Cir. 2015) (unpublished disposition).
Our review is governed by the Antiter-rorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, we are limited to deciding whether the California Supreme Court’s summary denial of habe-as relief was: (1) “contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States”; or (2) “based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d)(l)-(2). When reviewing an ineffective assistance claim through the lens of habeas, our review is “doubly deferential.” Yarborough v. Gentry, 540 U.S. 1, 6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam). “The pivotal question is whether the state court’s application of the Strickland standard was unreasonable. This is different from asking whether defense counsel’s performance fell below Strickland's standard.” Harrington v. Richter, 562 U.S. 86, 101, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011).
Under this standard of review, we hold that the California Supreme Court did not unreasonably apply Strickland in summarily denying Jenkins’s ineffective assistance claim. Jenkins’s claim of ineffective assistance is governed by the familiar two-part ineffective assistance of counsel test provided by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under that standard, Jenkins must first show that “counsel’s representation fell below an objective standard of reasonableness.” Id. at 688, 104 S.Ct. 2052. Even if we assume that Jenkins’s attorney undermined Jenkins’s credibility (which the State contests), the California Supreme Court could have reasonably decided that counsel did not perform deficiently. See Yarborough v. Gentry, 540 U.S. 1, 6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam) (rejecting an ineffective assistance of counsel claim where an attorney called his client a “bad person, lousy drug addict, stinking thief, [and] jail bird”). Moreover, even if counsel performed deficiently, the California Supreme Court could have rejected Jenkins’s claim because he failed to establish that “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland, 466 U.S. at 694, 104 S.Ct. 2052. We therefore affirm the district court’s decision denying Jenkins’s claim.
Jenkins’s motion for leave to file his supplemental brief is granted.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.